14-2276
Thakuri v. Lynch

BIA
Vomacka, IJ
A089 255 599

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of July, two thousand fifteen.

PRESENT:

> ROBERT A. KATZMANN,
> *Chief Judge,*
> JON O. NEWMAN,
> PETER W. HALL,
> *Circuit Judges.*

_____

NIRMALA SINGH THAKURI,
*Petitioner,*

v.                                          14-2276
                                            NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:          Khagendra Gharti-Chhetry, New
                         York, N.Y.

**FOR RESPONDENT:**                    Joyce R. Branda, Acting Assistant
                                      Attorney General; Nancy Friedman,
                                      Senior Litigation Counsel;
                                      Virginia Lum, Trial Attorney,
                                      Office of Immigration Litigation,
                                      U.S. Department of Justice,
                                      Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Nirmala Singh Thakuri, a native and citizen of Nepal, seeks review of a May 27, 2014, decision of the BIA affirming a January 13, 2012, decision of an Immigration Judge ("IJ"), denying Thakuri's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Nirmala Singh Thakuri,* No. A089 255 599 (B.I.A. May 27, 2014), *aff'g* No. A089 255 599 (Immig. Ct. N.Y.C. Jan. 13, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.,* 448 F.3d 524, 528 (2d Cir. 2006). The applicable standards of

review are well established. 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165-66 (2d Cir. 2008). The agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on an asylum applicant's demeanor, the plausibility of her account, and inconsistencies in her statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 163-64. Substantial evidence supports the agency's determination that Thakuri was not credible.

The agency reasonably relied on Thakuri's inconsistent evidence regarding whether she missed nine days or more than one month of a taxidermy certification program after she was purportedly kidnapped by Maoists. *See Xiu Xia Lin*, 534 F.3d at 164-67. Her explanations for this inconsistency were not compelling, and her testimony concerning the school's certificate and letters of completion (received despite her failure to complete the program) was evasive and inconsistent. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 & n.1 (2d Cir. 2005). These inconsistencies reasonably call into question whether Thakuri was, as she alleged, in hiding during this time.

Thakuri also made inconsistent statements regarding whether her parents remained in fear of Maoists in Nepal or whether they were living safely in England. And the agency reasonably found implausible that Thakuri had not learned her parents' whereabouts from her sister when they discussed their parents' well-being. *See Siewe v. Gonzales*, 480 F.3d 160, 168-69 (2d Cir. 2007) (implausibility finding reasonable if supported "by record facts, or even a single fact, viewed in the light of common sense and ordinary experience").

The agency's adverse view of Thakuri's credibility was also reasonably supported by the suspicious circumstances concerning two letters she presented that purported to support her claim of being kidnapped by Nepal Communist Party Maoists. One letter (CAR 282) was allegedly signed by a Deputy General Secretary of the Rastriya Prajatantra Party Nepal; the other letter (CAR 283) was allegedly signed by the President of the Himalayan Fauna & Taxidermy museum. Both letters misspelled "Maoists", rendering it in identical spelling and capitalization as "(MOISTS)".

The IJ rhetorically asked, "How could two separate people, one of them the leader of a political party that is

desperately opposed to the Maoists, the other a schoolteacher, manage to misspell this word in exactly the same way?" The IJ then reasonably answered, "The Court thinks the clear answer for most people would be that, in fact, these letters were written by the same person, not the party secretary and not the schoolteacher, but someone else who prepared these letters as evidence of the respondent's claim." CAR 91-92.

Having questioned Thakuri's credibility, the agency reasonably relied further on her failure to provide credible evidence corroborating her claims. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007). Given the inconsistency, implausibility, and corroboration findings, the agency's adverse credibility determination is supported by substantial evidence, and is dispositive of Thakuri's claims for asylum, withholding of removal, and CAT relief. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in

this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk